**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


**JAMES STEPHEN MCCUNE,**

      **Plaintiff,**

                                      **Civil Action 2:17-cv-670**
                                      **Judge James L. Graham**
      **v.**                             **Magistrate Judge Chelsey M. Vascura**


**JPAY, INC., *et al.*,**

      **Defendants.**



## INITIAL SCREEN REPORT AND RECOMMENDATION

This matter is before the United States Magistrate Judge for the initial screen of

Plaintiff's, James Stephen McCune, Complaint under 28 U.S.C. § 1915(e)(2) to identify

cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it,

which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the

Court **DISMISS** this action for failure to assert any claim over which this Court has subject

matter jurisdiction.

**I.**

As best the Court can discern, Plaintiff is alleging that Defendant's, JPay, Inc. ("JPay"),

JP5s 7" tablet and/or the programs for the tablet were defectively designed.  (ECF No. 1-1, at p.

16.)  Plaintiff alleges that he purchased his JP5s tablet for "over $100.00" around November

2015, and since then, he has had many problems with his device.  (*Id.*)  Plaintiff outlines the

process by which he attempted to resolve the various issues with his device.  (*Id.*)  Now, Plaintiff asserts that it no longer works.  (*Id.* at p. 16-17.)  As such, he cannot use the "around 200 songs," "3 E-Books," or "35 video games" that he purchased.  (*Id.*)

Despite his attempts to resolve his device problems with JPay, Plaintiff asserts that JPay refused to fix the problems or provide him with a replacement device.  (*Id.*)  Plaintiff also contends that co-defendant, Ohio Department of Rehabilitations and Corrections ("ODRC"), should also be liable "since inmates are the ward of the state and as such the Department of Corrections is responsible to insure that no inmate is taken advantage or abused in any way by any agency or company contracted by the Department of Corrections to provide any type of services to an inmate."  (*Id.* at p. 18.)  Plaintiff further explains that these issues are wide-spread as "[t]here are thousands of inmates in the Ohio prison system that have purchased products from the JPay company."  (*Id.* at p. 17.)

Plaintiff seeks $500,000.00 in monetary damages, as well as a replacement tablet and a Court Order requiring JPay to offer an extended warranty or insurance on their devices and products.  (*Id.* at p. 19.)

**II.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> > (B) the action or appeal--
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, Section 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Rule 8(a) provides as follows:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
> > (1) *a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support*;
> >
> > (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> >
> > (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

---

[1]Formerly 28 U.S.C. § 1915(d).

Fed. R. Civ. P. 8(a) (emphasis added). "Where there is no basis for federal jurisdiction apparent on the face of the complaint a court may dismiss the action as frivolous and for lack of subject matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B) and Fed.R.Civ.P. 12(h)(3)." *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, *2 (6th Cir. 1999)); *accord* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont County Sheriff's Dept.*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 555).

**III.**

Plaintiff's allegations fail to provide a basis for a claim over which this Court has jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp*., 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id*. (citation omitted). For a federal court to have diversity jurisdiction pursuant to § 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Here, construed liberally, Plaintiff's Complaint seeks to assert defective products claims against JPay and also against ODRC on the theory they it has a duty to ensure that these products are free from defects. However, these allegations do not amount to alleged violations of federal statutes or alleged deprivations of constitutional rights. This leaves diversity jurisdiction under § 1332(a) as the only potential basis for this Court's jurisdiction.

Plaintiff's allegations are also insufficient to support diversity jurisdiction. First, complete diversity does not exist, as Plaintiff identified ODRC as a citizen of the state. (ECF No. 1-2, at p. 45.) Second, even if complete diversity existed between the parties, Plaintiff's Complaint fails to adequately plead facts upon which the Court could rely to conclude that the amount in controversy exceeds $75,000. Although he requests $500,000.00 in damages, his allegations fail to support such a request. (ECF No. 1-1, at p. 19.) Rather, the most specific allegation of damages he references is that he purchased his tablet for over $100.00, as well as purchased music, e-books, and video games. (*Id.* at p. 16-17.). Even construed liberally,

Plaintiff's purchases come nowhere close to the requisite $75,000 amount in controversy. Thus, Plaintiff has failed to sufficiently plead diversity jurisdiction. *See e.g., Carter v. Night Mgmt. & Gap Prot.*, No. 2:12-cv-780, 2012 WL 4757384, *3 (S.D. Ohio Sep. 7, 2012) (concluding that the plaintiff failed to sufficiently plead diversity jurisdiction where "her allegations fail[ed] to support her request for millions of dollars"); *Tiger v. Pynkala*, No. 14-1212, 2014 WL 5502405, *14 n.11 (W.D. Tenn. Oct. 30, 2014) (finding that the plaintiff failed to meet her burden of pleading diversity jurisdiction where she failed to "present clear allegations" that the amount in controversy exceeded $75,000).

The Undersigned also notes that because Plaintiff is a non-attorney proceeding *pro se*, he cannot adequately represent a class. *See Ziegler v. Michigan*, 90 F. App'x 808, 810 (6th Cir. 2004) ("[N]on-attorneys proceeding *pro se* cannot adequately represent a class."); *see also Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) ("[P]*ro se* prisoners are not able to represent fairly the class."). "This is because the competence of a layman is clearly too limited to allow him to risk the rights of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). Therefore, to the extent Plaintiff sought to assert claims on behalf of a class, it further recommended that those class-action claims be dismissed.

In sum, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to assert any claim over which this Court has subject matter jurisdiction.

### III.

For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(h)(3) **WITHOUT PREJUDICE** to filing the state-law claims in state court.

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.


 /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE