IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James Stephen McCune,

    Plaintiff,

  v.                          Case No. 2:17-cv-670

JPay, Inc., et al.,

    Defendants.

ORDER

Plaintiff, an Ohio state inmate, brings the instant civil action against JPay, Inc. ("JPay"), which provided the JP5 seven-inch tablet purchased by plaintiff on or about November, 2015. Plaintiff alleges that the tablet is defective, and that he has had many problems with this device, which he claims no longer works. Plaintiff has also named the Ohio Department of Rehabilitation and Correction ("ODRC") as a defendant, claiming that ODRC should be responsible for insuring that no inmate is taken advantage of by a company which provides products and services to inmates. Plaintiff seeks $500,000 in damages and a court order directing JPay to provide an extended warranty and insurance for their devices.

On August 10, 2017, the magistrate judge filed an initial screen report and recommendation pursuant to 28 U.S.C. §1915A, which requires the court, "in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," to dismiss a complaint that fails to state a claim upon which relief may be granted. 28 U.S.C. §1915A(a)-(b)(1). The magistrate judge noted that plaintiff's defective product claims against the defendants are not based on a violation of federal statutes or a deprivation of constitutional rights, and

do not provide a basis for federal question jurisdiction under 28 U.S.C. §1331. Doc. 5, p. 5. The magistrate judge also found that the allegations in the complaint are insufficient to support diversity jurisdiction under 28 U.S.C. §1132 because defendant ODRC is a citizen of Ohio, as is plaintiff, so complete diversity is not present, and because the allegations in the complaint fail to show that the amount in controversy would exceed $75,000. Doc. 5, p. 5 (citing Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996)). The magistrate judge concluded that due to the lack of allegations in the complaint sufficient to support subject matter jurisdiction, the complaint fails to state a claim for which relief could be granted, and recommended that this action be dismissed. See Doc. 5, p. 6.

This matter is before the court for consideration of plaintiff's objections (Doc. 7) to the magistrate judge's report and recommendation. If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

As the magistrate judge correctly explained, 28 U.S.C. §1915(e) requires sua sponte dismissal of an action upon the court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. Grinter v. Knight, 532 F.3d 567, 572

(6th Cir. 2008). Courts conducting initial screens under §1915(e) apply the motion to dismiss standard. See, e.g., Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§1915A and 1915(e)(2)(B)(ii)).

Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). The court may dismiss an action as frivolous and for lack of subject matter jurisdiction under 28 U.S.C. §1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3) where there is no basis for federal jurisdiction apparent on the face of the complaint. Carlock v. Williams, 182 F.3d 916, 1999 WL 454880, *2 (6th Cir. 1999).

In his objection, plaintiff offers no argument as to why the conclusions of the magistrate judge are erroneous. He does not identify any federal claim he seeks to pursue in this action, which he acknowledges he has brought only on his own behalf. He lists the amounts he spent purchasing the device and downloads for the device, including games, music and books. These amounts total less that $1,000. Aside from the problem of incomplete diversity of

citizenship, the allegations in the complaint fail to establish that plaintiff can recover more than the jurisdictional threshold of $75,000 necessary for diversity jurisdiction.

In accordance with the foregoing, the report and recommendation (Doc. 5) is adopted. Plaintiff's objection (Doc. 7) is overruled. This action is hereby dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and Rule 12(h)(3) for failure to state a claim for which relief may be granted due to lack of subject matter jurisdiction. The clerk shall enter judgement dismissing this case.

Date: August 24, 2017          <u>s/James L. Graham</u>
James L. Graham
United States District Judge